IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOMINIQUE LAWAUN JENKINS, 1224400, )
       Petitioner, )
        )
v. ) No. 3:07-CV-988-O
        ) ECF
NATHANIEL QUARTERMAN, )
Director TDCJ-CID, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner was convicted of aggravated robbery, enhanced by a prior felony conviction. *State of Texas v. Dominique Lawaun Jenkins*, No. F-0349136-WM (194th Jud. Dist. Ct., Dallas County, Tex., March 4, 2004). He was sentenced to twenty-two years confinement. On June 28, 2005, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Jenkins v. State*, No. 05-04-00391-CR (Tex. App. – Dallas, June 28, 2005 pet. ref'd). On February 1, 2006, the Court of Criminal Appeals refused the petition for discretionary review. *Jenkins v. State*, PDR No. 1092-05. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On April 20, 2006, Petitioner filed a state application for writ of habeas corpus. *Ex parte*

*Jenkins*, Application No. 66,676-01. On January 4, 2007, the Court of Criminal Appeals dismissed the petition because it did not comply with the appellate rules. On February 7, 2007, Petitioner states he filed a second state habeas petition. By letter dated March 9, 2007, the Court of Criminal Appeals notified Petitioner that the petition did not comply with the appellate rules. The Court informed Petitioner that he was required to use the proper form and file the petition with the trial court.

On May 29, 2007, Petitioner filed this federal petition. He argues:

(1) the evidence was legally and factually insufficient to support the conviction;

(2) the trial court erred when it failed to admit a video tape;

(3) he received ineffective assistance of trial counsel because counsel:

    (a) advised him not to testify during the guilt/innocence phase of the trial; and

    (b) failed to call certain witnesses to testify; and

(4) his conviction was obtained by evidence gained from an unconstitutional search and seizure.

On October 18, 2007, Respondent filed an answer arguing that the petition is time-barred. On March 24, 2008, Petitioner filed his reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On February 1, 2006, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. Petitioner's conviction became final ninety days later, on May 2, 2006. *See* SUP. CT. R. 13.1 (West 2004); *see also, Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until May 2, 2007, to file his federal petition.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first and second habeas applications were dismissed because they failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure.[2] The petitions therefore were not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Since Petitioner's state habeas applications were not properly filed, they did not statutorily toll the limitations period.

Petitioner's federal petition was due by May 2, 2007. He did not file his federal petition until May 29, 2007. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

---

[2]Rule 73.2 states:
> The Clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

Tex. R. App. P. 73.2.

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

      Petitioner argues he is entitled to equitable tolling for the time his improperly filed state habeas applications were pending. Petitioner's first habeas petition was pending approximately nine months before the state court informed Petitioner that the petition was improperly filed. Within two weeks, Petitioner states he sent a second state habeas petition to the Court of Criminal Appeals in an attempt to comply with the state rules. (Traverse at 23-25). On March 9, 2007, the Court of Criminal Appeals sent Petitioner a letter stating that he failed to comply with Texas Rule of Appellate Procedure 73.2. On May 29, 2007, Petitioner filed his federal petition.

      The Fifth Circuit Court of Appeals has rejected similar equitable tolling arguments. In *Edwards*, the petitioner sought tolling credit for the pendency of a state habeas application that was dismissed by the Court of Criminal Appeals for lack of compliance with Rule 73.2 of the Texas Rules of Appellate Procedure.[3] *Edwards*, 116 Fed. Appx. at 471. The petitioner argued he was entitled to equitable tolling because he did not have notice of his noncompliance with the appellate rules until the Court of Criminal Appeals rejected his petition. The Fifth Circuit found

---

[3]The application failed to comply with Rule 73.2 because it failed to set forth the grounds for relief on the 11.07 form rather than by a separate memorandum.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -5-

the petitioner's claims insufficient to support equitable tolling. The Court stated that the petitioner "failed to allege circumstances warranting equitable tolling from the time he initially filed his state habeas application to the time that application was returned to him for noncompliance." *Id*. (citing *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) and *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Although *Edwards* is an unpublished opinion and is not precedent, it is instructive. In this case, Petitioner also claims he is entitled to equitable tolling because he did not receive timely notice that his state application was not in compliance until the Court of Criminal Appeals rejected the application. It appears that Petitioner was unknowledgeable about the law, and the state court's procedural requirements. Ignorance of the law, however, is insufficient to support equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Petitioner has also failed to explain why he did not file his federal petition until over two months after he received notice from the Court of Criminal Appeals that his second habeas petition had been dismissed. Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 4th day of December, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).